```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


CHARLES D. WILKES                          CIVIL ACTION

VERSUS                                     NO. 12-275

RESOLVE MARINE GROUP, INC., ET AL.         SECTION "B"(3)
```

## ORDER AND REASONS

Before the Court are Defendant Resolve Marine Group, Inc.'s ("Resolve") Motion for Summary Judgment on the Basis of Immunity, Plaintiff Charles Wilkes' ("Wilkes") Opposition to the motion, Resolve's Reply in support of its motion and Defendant Exxon Mobil Corporation's ("Exxon") Opposition to Resolve's motion. (Rec. Docs. No. 26, 29, 32, & 50). Also before the Court are the United States Coast Guard's ("USCG") Motion to Dismiss for Lack of Jurisdiction and Wilkes' Opposition to the USCG's motion. (Rec. Docs. No. 37 & 38). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Resolve's motion for summary judgment is **DENIED without prejudice to reurge upon completion of discovery.**

**IT IS FURTHER ORDERED** that the USCG's Motion to Dismiss be **GRANTED** and the USCG and Dan Stoner ("Stoner") be dismissed as defendants.

Procedural History and Facts of the Case:

Wilkes alleges that he inhaled dangerous fumes while working

as a Jones Act Seaman aboard the M/V NANTASKET, which was operated by Resolve to conduct salvage work and set buoys for USCG. (Rec. Doc. No. 1 at 3-6). Wilkes claims he inhaled the fumes emanating from an underwater pipeline operated by Exxon while following the negligent orders of Resolve and its employee Troy Carras ("Carras") under the direction of USCG and its employee, Stoner, and suffered serious injuries and damages as a result. *Id*. at 6.

Wilkes filed suit in this Court on January 26, 2012 against Defendants Resolve, USCG, Stoner, and Exxon, seeking damages for physical injuries, medical treatment, mental pain and anguish, and loss of earning capacity.[1] (Rec. Doc. No. 1 at 7-8). Wilkes cited both the Jones Act, 46 U.S.C. § 688 and the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918 to invoke admiralty and maritime jurisdiction for his action. (Rec. Docs. No. 14 & 44). Defendant Resolve filed a Motion for Summary Judgment claiming immunity as a Government Contractor. (Rec. Docs. No. 26 & 26-1 at 5). USCG filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Rec. Docs. No. 37 & 40). On January 10, 2013, Wilkes amended his complaint to list the United States of America as a defendant. (Rec. Doc. No. 44 at 3).

---

[1] Carras was also named as a defendant originally, but was subsequently dismissed pursuant to Wilkes' own motion. (Rec. Docs. No. 51 & 52).

Law & Analysis

A. Resolve's Motion for Summary Judgment

1.  Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). Because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp*., 812 F.2d 265, 272 (5th Cir. 1987).

As to issues for which the non-moving party has the burden of proof at trial, the moving party may satisfy its burden by demonstrating the absence of evidence supporting the non-moving

party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).  The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*.  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).  However, requests to delay granting summary judgment motions to allow additional discovery are "broadly favored and should be liberally granted" to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."  *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir.  2010), citing *Culwell v. City of Fort Worth,* 468 F.3d 868, 871 (5th Cir. 2006).

2. Resolve's claim of immunity[2]

When a remedy is provided by the Suits in Admiralty Act ("SAA"), it shall be "<u>exclusive</u> of any other action by reason of

---

[2]Resolve first attempts to invoke the "Government Contractor Defense" to assert immunity.  (Rec. Doc. No. 26-1 at 5).  However, all of the cases which Resolve cites to support this argument are clear that the Government Contractor Defense is only applicable to shield "military contractors" from full tort liability for "a defect in an item it built or manufactured at the government's discretion."  See *Boyle v. United Technologies Corp.*, 487 U.S. 500, 511-12 (1988); *Hercules, Inc. v. United States*, 516 U.S. 417, 421-22 (1996); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 418-19 (5th Cir. 2001). Resolve alleges no facts to support a theory of immunity under the Government Contractor Defense and therefore the Court focuses instead on Resolve's argument under the Suits in Admiralty Act.

4

the same subject matter against the <u>agent</u> or employee of the United States." *Williams v. Central Gulf Lines*, 874 F.2d 1058, 1059 (5th Cir. 1989), citing 46 U.S.C. App. § 745 (predecessor to current statute 46 U.S.C. § 30904), emphasis added.  Therefore, if a private entity is acting as an agent of the United States, and a remedy is provided for by the SAA, then the plaintiff's only remedy lies against the United States.  *Favorite v. Marine Personnel and Provisioning, Inc.*, 955 F.2d 382, 388 (5th Cir. 1992), citing *Cruz v. Marine Transport Lines, Inc.*, 634 F.Supp. 107, 110 (D. N.J. 1986).  A contract operator of a public vessel is acting as an agent of the United States when it acts on the United States' behalf, subject to its control and direction.  *Id*.  Private vessels under bareboat charter to the United States may be considered public vessels if they are used solely in public service.  *Favorite*, 955 F.2d. at 386, citing *Blanco v. United States*, 775 F.2d. 53, 59 (2d. Cir. 1985); *Cruz*, 634 F.Supp at 109.

In *Favorite*, the plaintiff was a seaman aboard a privately owned vessel leased to the United States, who sued his employer for injuries suffered aboard the vessel.  955 F.2d. at 384.  The district court found that the plaintiff's exclusive remedy lay against the United States under the SAA and subsequently dismissed the action as time-barred against the United States.  *Id*.  In his appeal to the Fifth Circuit, the plaintiff argued that his employer was not an agent of the United States.  *Id*. at 385.  To determine

5

if the employer was an agent of the United States, the Fifth Circuit engaged in a lengthy factual analysis of the underlying contract between the United States and the employer. *Id*. at 387. The Fifth Circuit found that where the contract contained provisions such as: (1) allowing the United States to place the ships on reduced operational status; (2) requiring the contractor to investigate and remove employees with whom the United States was dissatisfied; (3) allowing the United States to inspect the ship; and (4) requiring the contractor to submit reports and log entries; the employer was an agent of the United States. *Id*.

In *Favorite*, the Fifth Circuit noted that it reached a different conclusion as to the status of the contractor as an agent of the United States in its previous case, *Williams v. Central Gulf Lines*. *Id*., citing *Williams*, 874 F.2d at 1060-61. In *Williams*, a seaman employed by a contractor aboard its vessel fell ill aboard the vessel and subsequently died after being transferred to an Air Force Base hospital. *Williams*, 874 F.2d at 1059. Representatives of the seaman's estate filed an action alleging negligence on the part of the contractor, for failing to properly diagnose and treat the seaman's medical condition, and for failing to timely notify the seaman's family of his illness. *Id*. The district court dismissed the suit, finding that the exclusive remedy under the SAA was against the United States, who had not been named as a defendant in the suit. *Id*. On appeal, the Fifth Circuit vacated

6

the district court's ruling, finding that the charter between the contractor and the United States did not grant the United States "operational control" of the vessel.  *Id*. at 1063.

From the divergent results in *Favorite* and *Williams*, it is apparent that a determination of whether a private vessel operator can be considered an agent of the United States is a fact-intensive question.  Here, Resolve argues that operated its vessel the M/V NANTASKET at the specific direction and instructions of the United States' agency, USCG and its employee Stoner, and is therefore immune to suit as a government contractor and under the Suits in Admiralty Act.[3]  (Rec. Doc. No. 26-1 at 3).  In support of its Motion, Resolves attaches numerous exhibits, including a Basic Ordering Agreement between Resolve and USCG and unsworn declarations of Resolve employees Todd Duke and Troy Carras. (Rec. Docs. No. 26-5, 26-2, & 26-8).  However, it is premature at this stage, prior to discovery, to expect nonmovants, such as plaintiff Wilkes and the remaining defendants, to meet their burden to provide affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue of material fact in response to Resolve's Motion and underlying

---

[3]Resolve argues that the USCG "exercised operational control over where, when, and under what circumstances the M/V NANTASKET would navigate, and when Resolve's employees would deploy or retrieve buoys, including the time when [Wilkes] in the instant case was allegedly injured, when [Stoner] ordered Resolve's personnel to retrieve the buoy that had just been deployed."  (Rec. Doc. No. 26-1 at 10).

exhibits. (*See* Rec. Docs. No. 29 & 50). The required fact-intensive analysis of Resolve's status as an agent of the United States is better served by allowing the parties time to complete discovery. Therefore, Resolve's Motion is **DENIED** without prejudice to reurge after the parties have had time to conduct discovery as to the issue of the United States' level of direction and control of Resolve.

B. USCG and Stoner's 12(b)(1) Motion to Dismiss

1. 12(b)(1) Standard

Under Federal Rule of Civil Procedure 12(b)(1), if a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required. Fed. R. Civ. P. 12(b)(1). In other words, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A Rule 12(b)(1) motion is appropriate when a plaintiff's claim is barred by sovereign immunity. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure,* § 1350 (3d ed.). A lack of subject matter jurisdiction may be found in: (1) the complaint, (2) the complaint supplemented by undisputed facts contained in the record, or (3) "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*, citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659

(5th Cir. 1996).  The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Id.*, citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995).

2.  Suits against United States agencies or employees[4]

"A party may not bring suit against the United States absent an explicit waiver of sovereign immunity by Congress." *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990), citing *United States v. Sherwood*, 312 U.S. 584(1941); *Ware v. United States*, 626 F.2d 1278, 1286 (5th Cir.1980).  "This immunity extends to the government's officers and agencies."  *Drake*, 907 F.2d at 534, citing *Simons v. Vinson*, 394 F.2d 732 (5th Cir. 1968), cert. denied, 393 U.S. 968(1968).  Further, under the SAA, a suit *in personam* against the United States is the exclusive remedy for admiralty claims involving the United States, its agencies, agents, or employees. *Len v. American Overseas Marine Corp.*, 171 Fed. Appx. 489 (5th Cir. 2006).

As the party asserting subject matter jurisdiction, Wilkes bears the burden of proof to establish jurisdiction.  In an attempt to meet that burden, Wilkes cites to *Dalehite v. United States*, 346 U.S. 15 (1953) and 28 U.S.C. § 1346(b)(1) for the proposition that "Defendants [USCG and Stoner] can be sued in tort" under the Jones Act.  (Rec. Doc. No. 38 at 1 & 3).  However, Wilkes misinterprets

---

[4]Both the United States and Wilkes agree that the USCG is an agency of the United States, and that Stoner is an employee of the United States. (Rec. Docs. No. 37-1 & 38 at 1).

the law.  Both the *Dalehite* case and § 1346 refer to the potential liability of the United States for the actions of its agencies or employees, but do not grant authority to sue the individual agencies or employees as party defendants.  *See Dalehite*, 346 U.S. at 27-29 (discussing the Government's liability for tortious conduct of its agents), emphasis added; 28 U.S.C. § 1346(b)(1)(granting federal district courts exclusive jurisdiction over claims against the United States for injury caused by the negligent or wrongful act by any employee of the Government), emphasis added.  Further, Wilkes does not contest that his claims under the SAA provide exclusive remedy in admiralty against the United States, not its agencies or employees.

   Therefore, Wilkes' claims must be asserted against the United States, who is named as a defendant in the instant matter, and USCG and Stoner are entitled to dismissal for lack of subject matter jurisdiction.

   New Orleans, Louisiana, this 8th day of March, 2013.

                                    _____
                                    UNITED STATES DISTRICT JUDGE